UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES BRIAN BEARDEN, et al.,

        Plaintiffs,

v.

CLARK COUNTY, et al.,

        Defendants.

CASE NO. C14-5318 BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Charles Brian Bearden, Kristi Luckman, Darrin Nicholas Funk, Arturo Rodriguez Perez, Samuel Born, Spencer Knight, Gregory Matthew Rogers, Zachery Dean Lancaster, Donald Jackson Baxter, Jr., and John Davis McCain's ("Plaintiffs") motion for summary judgment (Dkt. 47). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On April 16, 2014, Plaintiff Bearden filed a complaint against Defendant Clark County ("County") alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701, *et seq.*; and 42 U.S.C. § 1983. Dkt. 1. Plaintiffs request both injunctive relief and compensatory damages. *Id*.

On October 29, 2014, Plaintiffs filed an amended complaint alleging the same violations. Dkt. 19.

On January 14, 2016, Plaintiffs filed a motion for partial summary judgment. Dkt. 47. On February 1, 2016, the County responded. Dkt. 58. On February 5, 2016, Plaintiffs replied. Dkt. 60.

## II. FACTUAL BACKGROUND

This case arises from Plaintiffs' incarceration in the County's jail ("CCJ" or "Jail"). It is undisputed that Plaintiffs suffer profound hearing loss, commonly known as deafness. Plaintiffs claim that the Jail and its staff failed to provide reasonable accommodations for them during their periods of incarceration. Plaintiffs assert that the instant motion is based on "three undisputable facts," which are as follows:

> First, there is no dispute of material fact that the Jail lacks visual indicators for announcements, directions, or medicine delivery in the Jail. Second, there is no dispute of material fact that the teletype (TTY) machine was not functional for an extended period of time, and that certain Plaintiffs were therefore unable to use the machine even if it was or had been made available for use. Third, the Plaintiffs were denied interpreters for internal situations inside the Jail, even when requested, as well as a reliable, equal means to communicate directly with the guards, including one Plaintiff being denied batteries brought from home for his cochlear implant device.

Dkt. 47 at 3. While the County does not dispute that Plaintiffs suffered some difficulties based on their disability, the County contends that Plaintiffs' claims and evidence falls short of a determination of liability as a matter of law. The Court agrees for the reasons set forth below.

## III. DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

ORDER - 2

fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

1  nonspecific statements in affidavits are not sufficient, and missing facts will not be

2  presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

3  With regard to the burden of proof, "*where the moving party has the burden*—the

4  plaintiff on a claim for relief or the defendant on an affirmative defense— *his showing*

5  *must be sufficient for the court to hold that no reasonable trier of fact could find other*

6  *than for the moving party*." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

7  1986) (citation omitted); *see also Southern Calif. Gas Co. v. City of Santa Ana,* 336 F.3d

8  885, 888 (9th Cir. 2003).

9  **B.     Injunctive Relief**

10  To prove that a public program or service violated Title II of the ADA, a plaintiff

11  must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded

12  from participation in or denied the benefits of a public entity's services, programs, or

13  activities, or was otherwise discriminated against by the public entity; and (3) such

14  exclusion, denial of benefits, or discrimination was by reason of his disability. *Weinreich*

15  *v. Los Angeles County Metropolitan Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

16  The elements of a claim under the RA are substantially similar. *Id*. After these

17  requirements are established, "the burden shifts to the [D]efendant to show that the

18  accommodation[s] provided [were] either effective, or that the accommodation[s] sought

19  and not provided would have resulted in a fundamental alteration of the [programs,

20  activities, or services], or an undue financial or administrative burden." *Tucker v.*

21  *Tennessee*, 539 F.3d 526, 532–33 (6th Cir. 2008) (citing *Tennessee v. Lane*, 541 U.S.

22  509, 532 (2004)).

> In the prison context, whether accommodations are reasonable must be judged in light of the overall institutional requirements, including [s]ecurity concerns, safety concerns, and administrative exigencies. Determining the reasonableness of a particular accommodation, especially in the prison context, is highly fact-specific and determined on a case-by-case basis.

*Holmes v. Godinez*, 311 F.R.D. 177, 226 (N.D. Ill. 2015).

In this case, the parties dispute whether Plaintiffs were denied benefits and whether reasonable accommodations were provided. Plaintiffs take issue with four alleged deficiencies at the Jail: (1) notification system, (2) TTY machine, (3) interpreters, and (4) hearing aid batteries.

With regard to a notification system, the County argues that it has visual fire alarms and that "Plaintiffs cite no legal authority for the general proposition that other visual notifications are mandatory in County jails to accommodate [deaf] inmates." Dkt. 58 at 11. The County is correct that there is no binding authority mandating a visual notification system in jails. However, there must be *some* notification system. *See*, *e.g.*, 28 C.F.R. § 35.160 (imposing on public entities an affirmative obligation to "take appropriate steps" in order to ensure that a disabled individual's communication difficulties are accommodated); *Pierce v. D.C.*, No. 13-CV-0134 (KBJ), 2015 WL 5330369, at *15 (D.D.C. Sept. 11, 2015) ("prison officials have an affirmative duty to assess the potential accommodation needs of inmates with known disabilities . . . ."). The most egregious violation is the uncontested evidence that the Jail failed to notify Plaintiff Luckman regarding her necessary medication. Luckman testified as follows:

ORDER - 5

>Every time I was in jail I was not given medication for at least the first two weeks because of the bureaucratic process that they have to – that they make people go through, which I don't understand.
>There was no interpreter there, so I didn't know what was going on, and I needed the medication every day. But they wouldn't listen to me. And they would -- they would call my name to give me the dose in the middle of the night when I was asleep, and I couldn't hear them calling my name. And they told me it was my responsibility to get up at the right time.
>I don't know how many times I missed my dosage, but there were -- it was many times. And that was a serious problem for me to not have that medication. I'll be taking it for life.
>If they had come and touched my shoulder or something, I could have gotten up, but I didn't hear them call my name.

Dkt. 42 at 68. This evidence is uncontested and establishes a failure to accommodate a known disability. Therefore, the Court grants Plaintiffs' motion on the narrow issue of failing to provide Luckman any notification system for her medication.

With regard to a general notification system, Plaintiffs have cited the testimony of Bearden and Funk establishing the uncontested fact that all general announcements were over the loudspeaker. While the County may dispute the reasonableness of a particular accommodation, it is an untenable position that *no* accommodation is legal. Therefore, the Court also grants Plaintiffs' motion on the issue of failing to provide Bearden and Funk notification of announcements.[1]

With regard to the TTY machines, the County has submitted evidence that creates questions of fact. The County has submitted its telephone policy, which mandates that

---

[1] While it would be reasonable to infer that the other plaintiffs were also denied access to some services or benefits because of the lack of an adequate general notification system, each plaintiff must prove his or her own claim. The record may very well contain such evidence, but the Court has only been specifically directed to the evidence cited herein and declines to scour the lengthy record for evidence in support of other claims.

hearing impaired inmates "will be given reasonable access to make telephone calls, the same as non-hearing impaired inmates." Dkt. 42-1 at 37. Plaintiffs allege that, despite the policy, the actual machines were either inoperable or not available. If Plaintiffs are correct, then they obviously have meritorious claims. The current record, however, does not bear out a complete failure of access to devices. For example, Bearden testified that he may have completed a call during his stay (Dkt. 42 at 23–24) and there is evidence that inmates had access to multiple machines even if some were broken. Moreover, Plaintiffs allege it is not a reasonable accommodation to provide only a couple of machines to deaf inmates while providing an entire bank of phones for other inmates. While no access to TTY machines would be amenable to summary adjudication, the appropriateness of the Jail's reasonable accommodation of providing some stationary and portable phones is "highly fact-specific and determined on a case-by-case basis." *Holmes*, 311 F.R.D. at 226. Therefore, the Court denies Plaintiffs' motion with regard to the TTY machines because questions of fact exist.

With regard to interpreters, the Court agrees with the County that this issue is a situation-specific issue raising numerous questions of fact. *See Duffy v. Riveland*, 98 F.3d 447, 456 (9th Cir. 1996) ("Generally, factors to be considered in determining whether an interpreter is required include the context in which the communication is taking place, the number of people involved, and the importance of the communication."). Plaintiffs present a persuasive argument that communications with medical staff are the type of complex and lengthy situations in which interpreters should be provided. *Id*. ("a qualified interpreter may be necessary when the information being

communicated is complex, or is exchanged for a lengthy period of time."). The County concedes that "there could be *specific* situations in which a Jail may need to provide an ASL interpreter," but requests that the Court tether such a determination to each specific situation. The Court agrees with the County to the extent that questions of fact exist as to specific types of situations. Therefore, the Court denies Plaintiffs' motion on this issue.

Finally, with regard to providing batteries, the issue is the length of the delay. The Court concludes that this is the type of factual scenario that incorporates the institutional requirements as well as administrative concerns. Granted, charging a battery seems like a fairly mundane task that reasonable people could complete in less than three days. At this time, however, the Court declines to rule on this issue as a matter of law. Therefore, the Court denies Plaintiffs' motion on this issue.

**C.     Monetary Damages**

To recover monetary damages under Title II of the ADA or the RA, a plaintiff must prove intentional discrimination on the part of the defendant, which may be met by a showing of deliberate indifference. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely," and a failure to act that is the "result of conduct that is more than negligent, and involves an element of deliberateness." *Id*. at 1138–39 (citations omitted).

In this case, Plaintiffs fail to meet the high burden on this motion. Specifically, Plaintiffs must show that no reasonable juror could find other than Defendants were aware of Plaintiffs' disabilities and were deliberately indifferent to any reasonable

accommodation. While Plaintiffs have shown that other courts concluded that certain accommodations were necessary in the circumstances of the particular case, these cases are not binding precedent and they do not stand for the proposition that every particular institution must implement the particular accommodation under either the ADA or the RA. Even if an accommodation was necessary as a matter of law, Plaintiffs have failed to show Defendants were deliberately indifferent as a matter of law. For example, while it may seem obvious that an institution should have some reasonable method of informing deaf inmates when a prescription drug is ready for the inmate, Plaintiffs have failed to show that any failure to accommodate by Defendants was deliberate action or inaction compared to "bureaucratic slippage . . . ." *Duvall*, 260 F.3d at 1139. Therefore, the Court concludes that numerous questions of fact exist and Plaintiffs are not entitled to judgment as a matter of law on the claims for monetary damages.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for summary judgment (Dkt. 47) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 24th day of March, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge